IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT JUNIOR HACKWORTH,

    Plaintiff,

v.

C. REBERTERANO, et al.,

    Defendants.

No. C 15-02016 BLF (PR)

**ORDER OF PARTIAL SERVICE; DISMISSING CLAIM WITH LEAVE TO AMEND; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state prisoner at Salinas Valley State Prison in Soledad, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff names as defendants Officer Reberterano, Officer X. Gonzales, Lieutenant Ippolito, and Lieutenant David Lopez, Jr., all of whom are prison officials at SVSP. According to the complaint, on September 2, 2014, Officers Reberterano and Gonzales entered Plaintiff's cell and, without provocation, Officer Reberterano began hitting Plaintiff across his lower back with his slap-stick and both officers started pepper-spraying Plaintiff. (Compl. at 3.) The officers ordered Plaintiff to get down on the floor and Plaintiff complied. (*Ibid.*) They continued to pepper spray Plaintiff despite his protests. (*Ibid.*) Officer Rebertaerno handcuffed Plaintiff and pushed Plaintiff's forehead into the cement floor. (*Id.* at 3 and 5.) Plaintiff alleges that the actions of Officers Reberterano and Gonzales constituted excessive force in violation of the Eighth Amendment.

Officers Reberterano and Gonzales then falsely accused Plaintiff of resisting them to justify their use of pepper spray. (Compl. at 5.) Consequently, a lock-up order was issued and Plaintiff was sent to Ad-Seg. (*Ibid.*) That day, Plaintiff submitted a claim that the officers had used excessive force. (*Ibid.*) In retaliation, Officers Reberterano and Gonzales falsely accused Plaintiff of having a weapon, resulting in a second lock-up order which was issued by Lieutenant Ippolito. (*Id.* at 5-6.) No weapon has been recovered. (*Id.* at 5.) Plaintiff alleges that Lieutenant Ippolito's issuance of the second lock-up order violated his rights under the First and Fourteenth Amendments.

Plaintiff also alleges that Lieutenant Lopez Jr. violated his due process rights when

he deliberately delayed four days before making an excessive force video, in violation of prison policy, so that the evidence of the excessive force (bruises and swelling) would no longer be visible. (*Id.* at 6.)

Plaintiff sought relief via the prison grievance process and at the second level of review, the reviewer found that staff did violate CDCR policy with respect to the issues raised by Plaintiff. (Compl., Ex. 1.)

Plaintiff seeks $180,000 in compensatory damages for his pain and suffering; for his Ad-Seg placement; and for the damage to his lower back. (Compl. at 3.)

Liberally construed, the allegations in the complaint state § 1983 claims against Officers Reberterano and Gonzales for use of excessive force in violation of the Eighth Amendment, *see Hudson v. McMillian*, 503 U.S. 1, 6 (1992); and against Officer Reberterano, Officer Gonzales, and Lieutenant Ippolito for retaliation in violation of the First Amendment,[1] *see Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Moreover, should Plaintiff be successful in proving actual injury from the alleged constitutional violations, he is entitled to compensatory damages. *Hazle v. Crofoot*, 727 F.3d 983, 992 (9th Cir. 2013) (citing *Smith v. Wade*, 461 U.S. 30, 52 (1983)) (finding that plaintiff who has been incarcerated unlawfully is entitled to compensatory damages for the loss of liberty, even if there is no evidence of emotional distress or other injury). In addition, Plaintiff has alleged that he suffered a physical injury which would entitle him to recover damages for the related mental or emotional injuries suffered. 42 U.S.C. § 1997e(e).

Plaintiff fails to state a due process claim against either Lieutenant Ippolito or Lieutenant Lopez, Jr. The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due

---

[1] The Court notes that there is no indication in the record that Plaintiff has exhausted his administrative remedies with respect to his retaliation claim.

process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995). Interests protected by the Due Process Clause may arise from two sources — the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223–27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The hardship associated with Ad-Seg, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe as to violate the Due Process Clause itself. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1091–92 (9th Cir.1986), *cert. denied*, 481 U.S. 1069 (1987).

Lieutenant Ippolito's alleged retaliatory issuance of a lock-up order does not state a due process violation. Assuming that Plaintiff has a liberty interest in not being placed in Ad-Seg, Plaintiff has not specified what due process he was due or that he was deprived of the required due process. The due process claim against Lieutenant Ippolito is DISMISSED with leave to amend if Plaintiff can truthfully do so.

Lieutenant Lopez's alleged bad-faith failure to comply with prison policy does not state a due process violation. Lieutenant Lopez's actions did not deprive Plaintiff of his life, liberty, or property. Lieutenant Lopez is therefore DISMISSED from this action.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. As detailed above, Plaintiff's complaint states § 1983 claims against Officers Reberterano and Gonzales for use of excessive force in violation of the Eighth Amendment, *see Hudson v. McMillian*, 503 U.S. 1, 6 (1992); and against Officer Reberterano, Officer Gonzales, and Lieutenant Ippolito for retaliation in violation of the First Amendment, *see Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

2. Plaintiff's due process claim against Lieutenant Lopez is DISMISSED with prejudice for failure to state a claim. The Clerk shall terminate Lieutenant Lopez from this action.

3.  Plaintiff's due process claim against Lieutenant Ippolito is DISMISSED with leave to amend. If Plaintiff wishes to amend his claim against Lieutenant Ippolito, he must file an amended complaint **within thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (15-02016 BLF (PR)) and the words FIRST AMENDED COMPLAINT on the first page. **An amended complaint completely replaces the previous complaints.** Plaintiff must therefore include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claims which the Court has already found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Claims and defendants not included in the First Amended Complaint will not be considered by the Court. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights. *See* Fed. R. Civ. P. 8(a)(2). Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile. **If Plaintiff does not wish to file an amended complaint, he shall so inform the Court within thirty (30) days from the date of this Order.** The Clerk of the Court is directed to send Plaintiff a blank civil rights complaint form with his copy of this Order.

4.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Officer Reberterano, Officer Gonzales, and Lieutenant Ippolito** at **Salinas Valley State Prison (P. O. Box 1020, Soledad, CA 93960-1020).** The Clerk shall also mail a copy of this Order to Plaintiff.

5.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of

this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).[2]

---

[2] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary

7. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is advised that a motion for summary judgment under Rule 56 will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962–63 (App. A).

(The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

---

judgment, pursuant to the Ninth Circuit's recent opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified *Wyatt* notice in light of *Albino*. See *Wyatt*, 315 F.3d at 1120 n.14; *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

Order of Service
P:\PRO-SE\BLF\CR.15\02016Hackworth_svc.wpd

7

Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

8. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

9. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

10. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

11. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

12. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

DATED: May 20, 2015

BETH LABSON FREEMAN
United States District Judge